SPARKS *v.* FERRO EQUIPMENT COMPANY

1. TRIAL—DIRECTED VERDICT—ISSUES OF FACT.
    Granting defendant a directed verdict was error where record discloses that questions of fact were present; thus, where plaintiff's proofs raised questions regarding the nature of defendant's duty under a repair agreement, whether a machine was defective when sold, whether the defendant repaired the machine in a reasonably prudent manner, and whether plaintiff's injury resulted from any default on the part of the defendant, the case should have been submitted to the jury.

2. PRODUCTS LIABILITY—PRIVITY.
    Lack of privity between plaintiff and defendant will not bar plaintiff's recovery on a products liability theory.

3. PRODUCTS LIABILITY—EVIDENCE—ADDITIONAL SAFETY DEVICES.
    Evidence of other safety measures or devices is relevant and admissible where plaintiff seeks damages for personal injury in products liability action.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 332 *et seq.*
[2, 3] 46 Am Jur, Sales § 810 *et seq.*
    Liability of manufacturer or seller for injury caused by industrial, business, or farm machinery, tools, equipment, or materials. 78 ALR2d 594.

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 November 9, 1970, at Lansing. (Docket No. 8,342). Decided December 1, 1970. Leave to appeal denied March 15, 1971. 384 Mich 817.

Complaint by Cecil Sparks against the Ferro Equipment Company for damages for personal injury. Directed verdict for defendant. Plaintiff appeals. Reversed and remanded.

*Kozlow, Jasmer & Woll,* for plaintiff.

*Richard B. Kramer (Norman L. Zemke,* of counsel), for defendant.

Before: Quinn, P. J., and Danhof and Carroll,* JJ.

Quinn, P. J. At the close of plaintiff's proofs, the trial judge granted defendant's motion for directed verdict and judgment entered in favor of defendant. Plaintiff appeals.

Defendant is a used machinery dealer. Some time prior to April of 1964 and from specifications furnished by Hemco, Inc., defendant located a used press that Hemco, Inc. was interested in. The press was about 30 years old and required some work done on it before it was operable. Some agreement was made between Hemco, Inc. and defendant with respect to work to be done on the press by defendant, but the exact terms of this agreement are in dispute.

Defendant brought the press to Detroit, did work on it, and on April 10, 1964, offered it to Hemco, Inc. After observing the press operate and on April 24, 1964, Hemco, Inc. purchased the press from

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant and had it installed at the Hemco plant in Wixom, Michigan.

In December 1964, Hemco, Inc., sold all of its assets to Atwood Vacuum Machine Company, plaintiff's employer. Plaintiff was one of the operators of the press above referred to. December 8, 1965, the press "double tripped", catching plaintiff's right arm in the die and severing the arm below the elbow.

Soon after the accident, Atwood had the press examined by a Mr. Archer in an effort to determine the cause of the double tripping. Archer discovered a broken part in the cam box which controls the cycling of the press. It was Archer's testimony that this defect led to the double tripping. It was not shown how long this part had been broken, but there was evidence from which the jury might infer that the part was broken at the time defendant sold the press to Hemco, Inc. There was evidence that the broken part would be apparent to anyone opening the cam box.

The record discloses four factual questions that require jury determination before defendant's liability or non-liability to plaintiff can be established.

1. What was the agreement between defendant and Hemco, Inc. with respect to what defendant was to do to this press before turning it over to Hemco, Inc.?

2. Was the broken part in the cam box there when defendant turned the press over to Hemco, Inc.?

3. Would a reasonably prudent person performing the work that defendant was required to do on the press under its contract with Hemco, Inc. have found the broken part in the cam box?

4. Was any default of defendant the cause of plaintiff's injury?

It was reversible error to direct a verdict for defendant and the action is remanded to the trial court for a new trial.

This disposition requires some expression of opinion by this Court with respect to other issues raised on appeal as an aid to the trial court on the retrial of this action. As such expressions are for the benefit of the trial judge and counsel on retrial, we do not elaborate.

1. Lack of privity between plaintiff and defendant will not bar plaintiff's recovery. *Kapalczynski* v. *Globe Construction Company* (1969), 19 Mich App 396; *Piercefield* v. *Remington Arms Company, Inc.*, (1965), 375 Mich 85.

2. The pamphlets issued by Machinery Dealers National Association are admissible in evidence and may be used on cross-examination of witness Marley, defendant's salesman. *Antonoff* v. *Basso* (1956), 347 Mich 18.

3. Evidence of other safety measures or devices is relevant and admissible.

Reversed and remanded for a new trial. Costs to abide the final outcome.

All concurred.